PROB 12
(Rev. 3/88)

FILED
APR 15 1999
Phil Lombardi, Clerk
U.S. DISTRICT COURT

# United States District Court
## for
## Northern District of Oklahoma

U. S. A. vs. Carole Anne Rozak          Docket No. 97-CR-180-001-H, 98-CR-022-001-H, and 98-CR-023-001-H

## Petition on Supervised Release

COMES NOW <u>Robert E. Boston</u> PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of <u>Carole Anne Rozak</u> who was placed on supervision by the Honorable <u>Sven Erik Holmes.</u> sitting in the court at <u>Tulsa</u>, on the <u>12th</u> day of <u>June, 1998,</u> who fixed the periods of supervision as specified below, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

97-CR-180-001-H: Three years.   98-CR-022-001-H: Five Years.   98-CR-023-001-H: Five years.

The defendant was released from federal custody to Harris County, Texas on January 15, 1999. She was released from Harris County, Texas on January 28, 1999. The defendant failed to report to any federal probation office within seventy-two hours of her release as required by the instructions on her Judgement and Commitment Order. Therefore, her term of supervised release has not commenced and will not until she has reported to a U.S. Probation Office and availed herself to supervision.

1.  The defendant shall report in person to the probation office in the district to which the defendant is released as soon as possible, but in no event, later than seventy-two hours of release from the custody of the Bureau of Prisons.

2.  If the judgement imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release. The defendant owes $7,856.22 restitution to Bank One Recovery Department of Milwaukee, Wisconsin.

3.  The defendant shall not own, or possess a firearm, destructive device, or other dangerous weapon.

4.  The defendant shall participate in a program of mental health treatment (to include inpatient), as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Officer.

5.  The defendant shall submit to a search conducted by a United States Probation Officer of his person, residence, vehicle, office and/or business at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall not reside at any location without having first advised other residents that the premises may be subject to searches pursuant to this condition. Additionally, the defendant shall obtain written verification from other residents that said residents acknowledge the existence of this condition and that their failure to cooperate could result in revocation. This acknowledgment shall be provided to the U.S. Probation Office immediately upon taking residency.

6. The defendant shall abide by the "Special Financial Conditions" enumerated in Miscellaneous Order Number M-128, filed with the Clerk of the Court on March 18, 1992.

7. As a condition of supervised release, upon completion of your term or imprisonment, if an Immigration and Naturalization Service detainer is lodged, you are to be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 USC §§ 1101-1524. It is a further condition of supervised release, if ordered deported, you shall remain outside the United States until termination of the term of supervised release.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

1. VIOLATION OF GENERAL CONDITIONS OF SUPERVISION: "The defendant shall report in person to the probation office in the district to which the defendant is released as soon as possible, but in no event, latter than seventy-two hours of release from the custody of the Bureau of Prisons."

The defendant has not reported to any probation office since her release on January 28, 1999. A letter mailed to her last known address in Cambridge, Ontario, Canada was undeliverable.

EVIDENCE OF THE VIOLATION:

1. Attached hereto and incorporated herein as Exhibits A(1), A(2) and A(3) are certified copies of the Judgement in a Criminal Case, #97-CR-180-001-H, #98-CR-022-H, and #98-CR-023-001-H which order the defendant to report as stated in Violation #1.

2. Attached hereto and incorporated herein as Exhibit B is a letter and envelope mailed to the defendant's last known address which has been stamped by postal authorities as undeliverable.

PRAYING THAT THE COURT WILL ORDER that a warrant be issued for the arrest of the defendant so she may be brought before the Court to show cause why her supervised release should not be revoked.

ORDER OF COURT

Considered and ordered this __14TH__ day of __APRIL__, 19 99 and ordered filed and made a part of the records in the above case.

_____
Sven Erik Holmes
United States District Judge

Respectfully,
_____
Robert E. Boston
Sr. U.S. Probation Officer

Place   Tulsa, OK

Date    April 1, 1999

AO 245 S (Rev. 7/93)(N.D. Okla. rev.) Sheet 1 - Judgment in a Criminal Case



PLAINTIFF'S EXHIBIT A(1)

# UNITED STATES DISTRICT COURT
## Northern District of Oklahoma

UNITED STATES OF AMERICA

v.     Case Number 97-CR-180-H

CAROLE ANNE MILLIGAN ROZAK
Defendant.

ENTERED ON DOCKET
DATE 6-22-98

FILED JUN 22 1998
Phil Lombardi, Clerk
U.S. DISTRICT COURT

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, CAROLE ANNE MILLIGAN ROZAK, was represented by Jack Schisler.

The defendant pleaded guilty to Count 1 of the Indictment, March 12, 1998. Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
| --- | --- | --- | --- |
| 18 USC 2314 & 2(b) | Interstate Transportation of Stolen Property and Causing a Criminal Act | 9/1/97 | 1 |

As pronounced on June 12, 1998, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 100, for Count 1 of the Indictment, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 19TH day of JUNE, 1998.

The Honorable Sven Erik Holmes
United States District Judge

United States District Court ) ss
Northern District of Oklahoma )
I hereby certify that the foregoing is a true copy of the original on file in this court.    Phil Lombardi, Clerk
By R. Mueller
      Deputy

Defendant's SSN: 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 (Canadian)
Defendant's Date of Birth: 6/19/53
Defendant's residence and mailing address: Tulsa County Jail, 500 S. Denver, Tulsa OK 74103

AO 245 S (Rev. 7/93)(N.D. Okla. rev.) Sheet 2 - Imprisonment

Defendant: CAROLE ANNE MILLIGAN ROZAK    Judgment--Page 2 of 5
Case Number: 97-CR-180-H

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 16 months, as to Count 1, said term to run concurrently with sentence imposed in 98-CR-22-H and 98-CR-23-H.

The Court makes the following recommendations to the Bureau of Prisons: that the defendant be designated to a Bureau of Prisons Facility that is equipped to provide mental health treatment during her period of incarceration.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 9/97)(N.D. Okla. rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 5

Defendant: CAROLE ANNE MILLIGAN ROZAK
Case Number: 97-CR-180-H

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years, as to Count 1, said term to run concurrently with the terms imposed in 98-CR-22-H and 98-CR-23-H.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. The defendant shall report in person to the Probation Office in the district to which the defendant is released as soon as possible, but in no event, later than 72 hours of release from the custody of the Bureau of Prisons.
2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.
3. The defendant shall not own or possess a firearm, destructive device, or other dangerous weapon.
4. The defendant shall participate in a program of mental health treatment (to include inpatient), as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Officer.
5. The defendant shall submit to a search conducted by a United States Probation Officer of his person, residence, vehicle, office and/or business at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall not reside at any location without having first advised other residents that the premises may be subject to searches pursuant to this condition. Additionally, the defendant shall obtain written verification from other residents that said residents acknowledge the existence of this condition and that their failure to cooperate could result in revocation. This acknowledgement shall be provided to the U. S. Probation Office immediately upon taking residency.
6. The defendant shall abide by the "Special Financial Conditions" enumerated in Miscellaneous Order Number M-128, filed with the Clerk of the Court on March 18, 1992.
7. As a condition of supervised release, upon completion of your term of imprisonment, if an Immigration and Naturalization Service detainer is lodged, you are to be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 USC §§ 1101-1524. It is a further condition of supervised release, if ordered deported, you shall remain outside the United States until termination of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state, or local crime. In addition:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) The defendant shall submit to urinalysis testing as directed by the U. S. Probation Office.

AO 245 S (Rev. 7/93)(N.D. Okla. rev.) Sheet 6 - Restitution and Forfeiture

Defendant: CAROLE ANNE MILLIGAN ROZAK
Case Number: 97-CR-180-H

Judgment--Page 4 of 5

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution in the total amount of $7,856.22. Interest on restitution is waived by the Court.

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| Bank One Recovery Department<br>1000 North Market Street<br>Milwaukee, Wisconsin 53202<br>Attn: Molly Byrne | $7,856.22 |

Payments of restitution are to be made to the Clerk of the Court for the Northern District of Oklahoma for transfer to the payee(s).

Restitution shall be paid in full immediately. Any amount not paid immediately shall be paid while in custody through the Bureau of Prisons' Inmate Financial Responsibility Program. Upon release from custody, any unpaid balance shall be paid as a condition of supervised release.

If a victim has received compensation from insurance or any other source with respect to a loss, any restitution ordered shall be paid to the person who is a victim before any restitution is paid to any such provider of compensation.

Any payment shall be divided proportionately among the payees named unless otherwise specified here.

AO 245 S (Rev. 7/93)(N.D. Okla. rev.) Sheet 7 - Statement of Reasons

Defendant: CAROLE ANNE MILLIGAN ROZAK  
Case Number: 97-CR-180-H

Judgment--Page 5 of 5

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**
Total Offense Level:            12
Criminal History Category:      I
Imprisonment Range:             10 months to 16 months
Supervised Release Range:       2 to 3 years
Fine Range:                     $ 3,000 to $ 30,000
Restitution:                    $ 7,856.22

The fine is waived or is below the guideline range because of the defendant's inability to pay.

The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

AO 245 S (Rev. 7/93)(N.D. Okla. rev.) Sheet 1 - Judgment in a Criminal Case


PLAINTIFF'S EXHIBIT A(2)

# UNITED STATES DISTRICT COURT
## Northern District of Oklahoma

ENTERED ON DOCKET

DATE 6-22-98

UNITED STATES OF AMERICA

v.

Case Number 98-CR-22-H

CAROLE ANNE MILLIGAN ROZAK
Defendant.

FILED
JUN 22 1998
Phil Lombardi, Clerk
U.S. DISTRICT COURT

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, CAROLE ANN MILLIGAN ROZAK, was represented by Jack Schisler.

On motion of the United States the court has dismissed Counts 2 through 7 of the Indictment.

The defendant pleaded guilty to Count 1 of the Indictment, March 12, 1998. Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1344 | Bank Fraud | 11/2/95 | 1 |

As pronounced on June 12, 1998, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 50, for Count 1 of the Indictment, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 19TH day of JUNE, 1998.

United States District Court ) SS
Northern District of Oklahoma )
I hereby certify that the foregoing is a true copy of the original on file in this court.    Phil Lombardi, Clerk

By R. Miller
     Deputy

_____
The Honorable Sven Erik Holmes
United States District Judge

Defendant's SSN: 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(Canadian)
Defendant's Date of Birth: 6/19/53
Defendant's residence and mailing address: Tulsa County Jail, 500 S. Denver, Tulsa OK 74103

AO 245 S (Rev. 7/93)(N.D. Okla. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 5

Defendant: CAROLE ANNE MILLIGAN ROZAK
Case Number: 98-CR-22-H

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 16 months, as to Count 1, said term to run concurrently with terms imposed in 97-CR-180-H and 98-CR-23-H.

The Court makes the following recommendations to the Bureau of Prisons: that the defendant be designated to a Bureau of Prisons Facility equipped to provide mental health treatment during her period of incarceration.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 9/97)(N.D. Okla. rev.) Sheet 3 - Supervised Release

Defendant: CAROLE ANNE MILLIGAN ROZAK
Case Number: 98-CR-22-H

Judgment--Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years, as to Count 1, said term to run concurrently with terms imposed in 97-CR-180-H and 98-CR-23-H.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. The defendant shall report in person to the Probation Office in the district to which the defendant is released as soon as possible, but in no event, later than 72 hours of release from the custody of the Bureau of Prisons.
2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.
3. The defendant shall not own or possess a firearm, destructive device, or other dangerous weapon.
4. The defendant shall participate in a program of mental health treatment (to include inpatient), as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Officer.
5. The defendant shall submit to a search conducted by a United States Probation Officer of his person, residence, vehicle, office and/or business at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall not reside at any location without having first advised other residents that the premises may be subject to searches pursuant to this condition. Additionally, the defendant shall obtain written verification from other residents that said residents acknowledge the existence of this condition and that their failure to cooperate could result in revocation. This acknowledgement shall be provided to the U. S. Probation Office immediately upon taking residency.
6. The defendant shall abide by the "Special Financial Conditions" enumerated in Miscellaneous Order Number M-128, filed with the Clerk of the Court on March 18, 1992.
7. As a condition of supervised release, upon completion of your term of imprisonment, if an Immigration and Naturalization Service detainer is lodged, you are to be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 USC §§ 1101-1524. It is a further condition of supervised release, of ordered deported, you shall remain outside the United Stated until termination of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state, or local crime. In addition:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 7/93)(N.D. Okla. rev.) Sheet 6 - Restitution and Forfeiture

Defendant: CAROLE ANNE MILLIGAN ROZAK  
Case Number: 98-CR-22-H

Judgment--Page 4 of 5

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution in the total amount of $27,155.33. Interest on restitution is waived by the Court.

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| Wachovia Bank<br>1628 Browning Road, Room 146<br>Columbia, South Carolina 29226-8853<br>Attn: Danny Conyers | $16,155.33 |
| Thrifty Car Rental<br>15845 JFK Blvd.<br>Houston, Texas<br>Attn: Sonny Adams | $11,000.00 |

Payments of restitution are to be made to the Clerk of the Court for the Northern District of Oklahoma for transfer to the payee(s).

Restitution shall be paid in full immediately. Any amount not paid immediately shall be paid while in custody through the Bureau of Prisons' Inmate Financial Responsibility Program. Upon release from custody, any unpaid balance shall be paid as a condition of supervised release.

If a victim has received compensation from insurance or any other source with respect to a loss, any restitution ordered shall be paid to the person who is a victim before any restitution is paid to any such provider of compensation.

Any payment shall be divided proportionately among the payees named unless otherwise specified here.

AO 245 S (Rev. 7/93)(N.D. Okla. rev.) Sheet 7 - Statement of Reasons

Defendant: CAROLE ANNE MILLIGAN ROZAK  
Case Number: 98-CR-22-H

Judgment--Page 5 of 5

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**
| | |
|---|---|
| Total Offense Level: | 12 |
| Criminal History Category: | I |
| Imprisonment Range: | 10 months to 16 months |
| Supervised Release Range: | 3 to 5 years |
| Fine Range: | $ 3,000 to $ 30,000 |
| Restitution: | $ 27,155.33 |

The fine is waived or is below the guideline range because of the defendant's inability to pay.

The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

AO 245 S (Rev. 7/93)(N.D. Okla. rev.) Sheet 1 - Judgment in a Criminal Case



PLAINTIFF'S EXHIBIT A(3)

# UNITED STATES DISTRICT COURT
## Northern District of Oklahoma

ENTERED ON DOCKET
DATE 6-22-98

UNITED STATES OF AMERICA

v.                                          Case Number 98-CR-23-H

CAROLE ANNE MILLIGAN ROZAK
Defendant.

FILED
JUN 22 1998
Phil Lombardi, Clerk
U.S. DISTRICT COURT

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, CAROLE ANNE MILLIGAN ROZAK, was represented by Jack Schisler.

The defendant pleaded guilty to Count 1 of the Indictment, March 12, 1998. Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1014 | False Statement to Financial Institution | 9/30/96 | 1 |

As pronounced on June 12, 1998, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 100, for Count 1 of the Indictment, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 19TH day of JUNE, 1998.

United States District Court
Northern District of Oklahoma  } ss
I hereby certify that the foregoing is a true copy of the original on file in this court.   Phil Lombardi, Clerk
By R. Miller
    Deputy

The Honorable Sven Erik Holmes
United States District Judge

Defendant's SSN: 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(Canadian)
Defendant's Date of Birth: 6/19/53
Defendant's residence and mailing address: Tulsa County Jail, 500 S. Denver, Tulsa OK 74103

AO 245 S (Rev. 7/93)(N.D. Okla. rev.) Sheet 2 - Imprisonment

Defendant: CAROLE ANNE MILLIGAN ROZAK
Case Number: 98-CR-23-H

Judgment--Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 16 months, as to Count 1, said term to run concurrently with terms imposed in 98-CR-22-H and 97-CR-180-H.

The Court makes the following recommendations to the Bureau of Prisons: that the defendant be designated to a facility equipped to provide mental health treatment during her period of incarceration.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 9/97)(N.D. Okla. rev.) Sheet 3 - Supervised Release

Defendant: CAROLE ANNE MILLIGAN ROZAK  
Case Number: 98-CR-23-H

Judgment--Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years, as to Count 1, said term to run concurrently with the terms imposed in 98-CR-22-H and 97-CR-180-H.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. The defendant shall report in person to the Probation Office in the district to which the defendant is released as soon as possible, but in no event, later than 72 hours of release from the custody of the Bureau of Prisons.
2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.
3. The defendant shall not own or possess a firearm, destructive device, or other dangerous weapon.
4. The defendant shall participate in a program of mental health treatment (to include inpatient), as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Officer.
5. The defendant shall submit to a search conducted by a United States Probation Officer of his person, residence, vehicle, office and/or business at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall not reside at any location without having first advised other residents that the premises may be subject to searches pursuant to this condition. Additionally, the defendant shall obtain written verification from other residents that said residents acknowledge the existence of this condition and that their failure to cooperate could result in revocation. This acknowledgement shall be provided to the U. S. Probation Office immediately upon taking residency.
6. The defendant shall abide by the "Special Financial Conditions" enumerated in Miscellaneous Order Number M-128, filed with the Clerk of the Court on March 18, 1992.
7. As a condition of supervised release, upon completion of your term of imprisonment, if an Immigration and Naturalization Service detainer is lodged, you are to be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 USC §§ 1101-1524. It is a further condition of supervised release, if ordered deported, you shall remain outside the United States until termination of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state, or local crime. In addition:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) The defendant shall submit to urinalysis testing as directed by the U. S. Probation Office.

AO 245 S (Rev. 7/93)(N.D. Okla. rev.) Sheet 6 - Restitution and Forfeiture

Defendant: CAROLE ANNE MILLIGAN ROZAK  
Case Number: 98-CR-23-H

Judgment--Page 4 of 5

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution in the total amount of $4,958.55. Interest on restitution is waived by the Court.

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| General Motors Acceptance Corp.<br>Box 105270<br>Atlanta, Georgia 30348-5270<br>Attn: Connie Nadell | $4,958.55 |

Payments of restitution are to be made to the Clerk of the Court for the Northern District of Oklahoma for transfer to the payee(s).

Restitution shall be paid in full immediately. Any amount not paid immediately shall be paid while in custody through the Bureau of Prisons' Inmate Financial Responsibility Program. Upon release from custody, any unpaid balance shall be paid as a condition of supervised release.

If a victim has received compensation from insurance or any other source with respect to a loss, any restitution ordered shall be paid to the person who is a victim before any restitution is paid to any such provider of compensation.

Any payment shall be divided proportionately among the payees named unless otherwise specified here.

AO 245 S (Rev. 7/93)(N.D. Okla. rev.) Sheet 7 - Statement of Reasons

Defendant: CAROLE ANNE MILLIGAN ROZAK  Judgment--Page 5 of 5
Case Number: 98-CR-23-H

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**
Total Offense Level:        12
Criminal History Category:  I
Imprisonment Range:         10 months to 16 months
Supervised Release Range:   3 to 5 years
Fine Range:                 $ 3,000 to $ 30,000
Restitution:                $ 4,958.55

The fine is waived or is below the guideline range because of the defendant's inability to pay.

The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.



PLAINTIFF'S EXHIBIT B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA
## PROBATION OFFICE

**WILLIAM S. CORN**
CHIEF U.S. PROBATION OFFICER

UNITED STATES COURTHOUSE
333 WEST 4TH, SUITE 3820
TULSA, OKLAHOMA 74103
TELEPHONE (918) 699-4800
FAX (918) 699-4871

February 18, 1999

Ms. Carole Anne Rozak
200 Jamieson Park Place
Cambridge, Ontario Canada

Dear Ms. Rozak:

I have just learned that you were released by Harris County, Texas authorities on January 28 and that you were returning to the above address.

As you are aware, my office is responsible for supervising your Term of Supervised Release for the next three years. Since we have not initiated supervision, the three year term does not begin to run until we have established contact with you and made arrangement to maintain contact with you.

I want to assure you that we will do everything possible to accommodate whatever arrangements you want to make regarding this matter, but we must establish contact. Once I have succeeded at establishing contact with you, I plan to ask our Buffalo, New York office to assist us since you are reasonably close to that office.

Please write to me at the above address or you may call me at (918) 699-4801 to discuss your plans. If I'm not in the office, if you call, tell the duty officer your residence address and telephone number.

Please understand that the three years cannot begin to run until we establish contact. Also, if you return to the United States, you are required to report immediately to the nearest U.S. Probation Office.

Sincerely,

Robert E. Boston
Senior U.S. Probation Officer

**UNITED STATES COURTS**
U.S. PROBATION OFFICE
333 W. 4TH STREET, SUITE 3820
TULSA, OKLAHOMA 74103-3819

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300



UNITED STATES POSTAL SERVICE®
Label 19B
April 1997

PAR AVION
AIR MAIL

RETURN TO SENDER
L'EXPÉDITEUR

- Unclaimed / Non réclamé
- Such address / inexistante
- Incomplete / incomplète
- Unknown / inconnu

Ms. Carole Anne Rozak
200 Jamieson Park Place
Cambridge, Ontario Canada



TULSA, OK FEB 18 1999 USPS
Ruth Benedict
ANTHROPOLOGIST
USA 46